**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **MARLON URIEL ORREGO BEDOYA,** | ) ) ) |  |
| **Petitioner,** | ) ) ) |  |
| **v.** | ) ) | **Civil Action No.** **26-cv-12765-FDS** |
| **ANTONE MONIZ, et al.,** | ) ) ) |  |
| **Respondents.** | ) ) ) |  |

**MEMORANDUM AND ORDER ON PETITION**
**FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings.[1]  Petitioner Marlon Orrego Bedoya is a citizen of Colombia who unlawfully entered the United States in March 2023.  He was taken into ICE custody on June 12, 2026.

Petitioner contends that he is a member of the class in *Guerrero Orellana v. Moniz*, 2025 WL 3687757 (D. Mass. Dec. 19, 2025), and that his continued detention without a bond hearing

---

[1] The petition names Antone Moniz, Superintendent, Plymouth County Correctional Facility; Timothy Baptiste, Supervisory Detention and Deportation Officer, U.S. Immigration and Customs Enforcement; Patricia Hyde, Field Office Director, U.S. Immigration and Customs Enforcement; Michael Krol, Special Agent in Charge for Homeland Security Investigations New England; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; and Markwayne Mullin, U.S. Secretary of Homeland Security, as respondents.

The Court notes Moniz, as "the person who has custody over [the petitioner]," is the only proper respondent.  28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").  The Court will therefore dismiss the claims against Timothy Baptiste, Patricia Hyde, Michael Krol, Todd Lyons, and Markwayne Mullin.

violates both the Immigration and Nationality Act and his Fifth Amendment due-process rights. He seeks an individualized bond hearing before an immigration judge.

## I.    **Background**

Marlon Uriel Orrego Bedoya is a native and citizen of Colombia. (Dkt. No. 1 ¶ 23). He unlawfully entered the United States on March 3, 2026. (*Id.*). He has continuously resided in the country since. (*Id.*). According to the petition, he has a pending asylum application and valid employment authorization. (*Id.*).

On June 12, 2026, he was taken into ICE custody. (*Id.* ¶ 25). He remains detained at Plymouth County Correctional Center in Plymouth, Massachusetts. (*Id.* ¶ 1).

On June 17, 2026, he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). The petition contends that he is a member of the class certified in *Guerrero Orellana v. Moniz*, 2025 WL 3687757 (D. Mass. Dec. 19, 2025). It asserts that he is subject to discretionary detention under 8 U.S.C. § 1226(a) and that his continued detention without a bond hearing violates his due-process rights.

The next day, this Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court. (Dkt. No. 4). Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief. (*Id.*).

On June 25, 2026, respondents answered the petition. (Dkt. No. 6). They concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in *Dume Rivera*," and "[s]hould the Court follow its reasoning in *Dume Rivera*, it would reach the same result here." (*Id.*).

2

II.     **Analysis**

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), and those of hundreds of other courts across the country, *Barco Mercado v. Francis*, 2025 WL 3295903, at *4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by more than 160 different judges), noncitizens who unlawfully entered the United States but have resided in the country for some time are ordinarily subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b).  *See Cunha v. Freden*, 2026 WL 1146044 (2d Cir. April 28, 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  Thus, because the government has not proffered an alternative authority for detention, to the extent that the government has such lawful authority, it must be under § 1226(a).

Due process entitles a § 1226(a) detainee to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).  Due process therefore requires that petitioner be granted a bond hearing in which the government bears the burden of proof.  *See id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention").  His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241(c)(3).  The Court will therefore grant his petition to the extent that it seeks a constitutionally adequate bond hearing.  Accordingly, the Court need not resolve what effect the declaratory judgments in

3

*Guerrero Orellana* have on this action.

### III.    <u>Conclusion and Order</u>

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally adequate bond hearing no later than July 6, 2026.  The claims against respondents Timothy Baptiste, Patricia Hyde, Michael Krol, Todd Lyons, and Markwayne Mullin are DISMISSED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  June 26, 2026                              United States District Court Judge